UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA MARIE McCRAVEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOLANO COUNTY JUSTICE CENTER, *et al.*,<br><br>　　　　Defendants. | Case No. 2:23-cv-01012-JDP (PC)<br><br><br>ORDER |

　　　　Plaintiff is a county inmate proceeding without counsel in this action brought under 42 U.S.C. § 1983.[1]  Plaintiff claims that her First Amendment rights have been violated by defendants' policy of banning any mail using cardstock, such as greeting cards and postcards.  I find that the complaint cannot be served at this time because plaintiff has not alleged a cognizable claim.  I will grant her leave to amend, and I will also grant her application to proceed *in forma pauperis*, ECF No. 2.

**Screening and Pleading Requirements**

　　　　A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

---

[1] It is unclear whether plaintiff is a pretrial detainee or convicted inmate.

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Plaintiff's Allegations**

Plaintiff alleges that Solano County Justice Center maintains a policy that restricts inmates from receiving mail written or printed on card stock. ECF No. 1 at 3. Facility Commander Lt. Hagen states that this is for the safety and security of the facility, but plaintiff asserts that there are alternative methods of ensuring safety and security without banning these mail items. Plaintiff claims that the policy interferes with inmates' ability to communicate with family, friends, and religious groups, and with their ability to connect with "the resources that we need to rehabilitate our lives." Plaintiff seeks injunctive relief and damages.

**Discussion**

Inmates have a First Amendment right to receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). However, a prison may adopt regulations that impinge on an inmate's constitutional rights if those regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Legitimate penological interests include "security, order, and rehabilitation." *Procunier v. Martinez*, 416 U.S. 396, 413 (1974). When a prison regulation affects outgoing mail as opposed to incoming mail, there must be a "closer fit between the regulation and the purpose it serves." *Thornburgh v. Abbott*, 490 U.S. 401, 412 (1989). However, in neither case must the regulation satisfy a "least restrictive means" test. *Id.* at 411-13 (discussing *Procunier*, 416 U.S. 396).

I find that plaintiff has not established that she has standing to challenge defendants' mail policy. To establish constitutional standing, plaintiff "must allege (1) a distinct and palpable injury-in-fact that is (2) fairly traceable to the challenged provision or interpretation and (3) would likely be redressed by a favorable decision." *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1033 (9th Cir. 2006) (internal quotation marks and ellipsis omitted). Here, there is no allegation that mail addressed to plaintiff has been rejected due to the jail's mail policy. Absent injury, plaintiff does not have standing to proceed.

Furthermore, plaintiff suggests that she is bringing this lawsuit on behalf of herself and all inmates housed at Solano County Justice Center. However, a plaintiff may file a pro se action only on her own behalf; she cannot represent other plaintiffs if filing pro se. *See* 28 U.S.C. § 1654 (2009) (parties may plead and conduct their own cases personally in all federal courts); *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008) (noting an individual appearing pro se may not represent other individuals in federal court).

Plaintiff may file an amended complaint that addresses these deficiencies. She is advised that any amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in

an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

**Conclusion**

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Within thirty days from the service of this order, plaintiff may file an amended complaint.  If she does not, I will recommend that this action be dismissed.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   July 31, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE